**SOUTHERN CALIFORNIA FEDERAL SAVINGS & LOAN ASSOCIATION; Socal Holdings, Inc.; Arbur, Inc.; Roy Doumani; Preston Martin; William E. Simon, Jr., J. Peter Simon, George J. Gillespie, III, Executors of the Estate of William E. Simon; and Beverly W. Thrall, Successor to the Claims of Larry B. Thrall, Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. 93–52C.**

United States Court of Federal Claims.

March 15, 2002.

---

Jerry Stouck, with whom were Rosemary Stewart and Monica A. Freas, Spriggs & Hollingsworth, Washington, D.C., for Plaintiffs Southern California Federal Savings and Loan Association and SoCal Holdings, Inc.

Toni C. Lichstein, Milbank, Tweed, Hadley & McCloy, New York City, with whom was David S. Cohen, Milbank, Tweed, Hadley & McCloy, Washington, D.C., for Plaintiffs Arbur, Inc., and William E. Simon, Jr., J. Peter Simon and George Gillespie, III, Executors of the Estate of William E. Simon.

Melvin C. Garbow, with whom were Howard N. Cayne, David B. Bergman, Michael A. Johnson, Ida L. Bostian, Arnold & Porter, Washington, D.C., for Plaintiffs Roy Doumani, Preston Martin, and Beverly W. Thrall, Successor to the Claims of Larry B. Thrall.

David. C. Hoffman, Trial Attorney, Commercial Litigation Branch, with whom were Jeanne E. Davidson, Deputy Director, David M. Cohen, Director, Department of Justice, Washington, D.C., for Defendant Delfa Castillo, Department of Justice, Washington, D.C., of counsel.

### ORDER

BASKIR, Chief Judge.

Pending before the Court is the parties' Joint Statement concerning the Amended Master Protective Order (AMPO). The Court hereby suspends the AMPO in this case.

## I. Background

On April 14, 1998, then-Chief Judge Loren A. Smith issued an Amended Master Protective Order, which applied to all *Winstar*-related cases at the Court of Federal Claims, including this one. The AMPO replaced and superceded the original Master Protective Order issued on November 22, 1996, and it has remained in effect since this case was transferred to the undersigned judge on December 28, 2000. The AMPO provides for two categories of protected material: "Confidential Material" and "Attorneys Only Material." Confidential Material includes all discovery materials, whereas Attorneys Only Material includes such things as non-public financial information, examination reports, internal agency information and other Government memoranda.

According to the terms of the AMPO, both types of protected material are to be marked with the words "Subject to Protective Order" and with the notation as to which type of protected material is contained in the document. Despite such indicia, however, the AMPO requires only that the Attorneys Only Material be filed under seal.

## II. Proceedings in this Case

Throughout the proceedings in this case, the parties have filed with the Clerk of Court a large volume of material marked "Confidential" and "Subject to Protective Order." Because most of that material was not filed under seal, it has been part of the Court's public files. Further, we have conducted several hearings and status conferences in open court in this matter.

In view of this apparent anomaly concerning the AMPO, on December 11, 2001, we requested that the parties file a Joint Statement advising the Court whether any protective order is still in effect in this case as a practical matter and whether one continues to be needed.

The parties submitted a Joint Statement on January 31, 2002. The parties jointly agree that the AMPO adopted for all *Winstar*-related cases is still technically applicable to this case. However, the Plaintiffs note that "the strict terms of the [AMPO] have

not been applied to require that documents be filed under seal. . . ." Joint Statement, p. 4. Thus, "rather than agreeing to ignore certain terms" of the AMPO, they would like the Court to "issue an order that simply lifts the provisions of the protective order" and permit "free use of relevant documents throughout the completion of summary judgment and trial proceedings in this case." *Id.*

The Government opposes such an order, and requests that "no changes be made to the [AMPO] for this case or any other of the *Winstar*-related cases." *Id.* However, the Government notes, as do the Plaintiffs, that none of the documents in this case marked "Confidential" have been filed under seal, that all filings are freely public, and that all Court proceedings have been open to the public.

The Defendant further states that in other *Winstar* cases, the Government and the Plaintiffs in those cases have stipulated that the "trial and all trial-related filings would be public, but that counsel would alert each other and the Court . . . if any proprietary or other sensitive information was likely to be or had been disclosed." *Id.* at 5. The Defendant notes that this procedure "comports with the traditional preference for public proceedings." *Id.*

## III. Conclusion

It appears that the parties are in essential agreement. The *Winstar* AMPO and its predecessor Protective Orders may in the past have served to protect from unnecessary disclosure sensitive information of a proprietary, business or personal nature. However, given the advanced stage of this litigation, with many of the documents in question over ten years old and already having been publicly filed and disclosed, it is appropriate to revisit the AMPO as it applies to this case. In light of the time that has passed in this case, special concern over the disclosure of sensitive information is no longer warranted.

We do not intend to release large amounts of the private Plaintiffs' or the Government's confidential information to the public. Rather, the parties have already filed much of this material in open court.

**Accordingly, the terms of the Amended Master Protective Order, filed on April 14, 1998, are hereby suspended.** No further proceedings in this case shall be conducted in accordance with that Order.

This Order applies only to documents previously filed with this Court that were not filed under seal. The official records of the Clerk of Court indicate that only four documents have been filed under seal in this case: Complaint, filed January 28, 1993; First Amended Complaint, filed August 2, 1995; Plaintiff's Status Report, filed October 31, 1995; and Plaintiff's Reply Memorandum in Support of Their Motion for Partial Summary Judgment, filed September 2, 1997.

**Any party which wishes to keep any of these documents under seal may file a motion to keep that seal in place, no later than March 21, 2002.** Such motions shall designate which particular information, if any, the party wishes to remain protected, the justification for the continued protection, including any supporting authority, the specific harm the party will incur if the motion is not granted, and the requested duration for the protection (maximum of five years). The party filing such a motion shall also file a redacted, public version of the sealed document. A party not wishing to designate any information to remain protected need not file a motion.

**Should any party, at any time, believe that any proprietary or other sensitive information is likely to be disclosed, or if they wish to file sensitive information, they may seek leave to do so under seal.** Further, the parties shall confer to avoid inadvertent public disclosure of sensitive information. If the parties believe a new protective order should be issued in this case, they should jointly advise the Court.

**IT IS SO ORDERED.**